Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff and those similarly situated*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PEDRO MENDOZA, *on behalf of himself and those similarly situated,*  Plaintiff,  vs.  CAWLEY & BERGMANN, LLP and CAVALRY SPV I, LLC,  Defendants. | Civil Action No.  **CLASS ACTION COMPLAINT** |

Plaintiff, Pedro Mendoza, individually and on behalf of all others similarly situated, by way of Class Action Complaint against Defendants, Cawley & Bergmann, LLP and Cavalry SPV I, LLC, says:

## I.   NATURE OF THE ACTION

1.   This class action for damages arises from the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## II.   JURISDICTION AND VENUE

2.   This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III. PARTIES

4. Plaintiff Pedro Mendoza ("Plaintiff") is a natural person residing in Bergen County, New Jersey.

5. Defendant Cawley & Bergmann, LLP ("C&B") is a debt collector located at 117 Kinderkamack Road, Suite 201, River Edge, NJ 07661.

6. Defendant Cavalry SPV I, LLC ("Cavalry") is a Delaware limited liability company with its principal place of business at 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595, who purchases defaulted consumer debts for pennies on the dollar

7. In this pleading, "Defendants" in the plural refers to all Defendants.

## IV. FACTS

### A. Background

8. Defendants are not in the business of extending credit, selling goods or services to consumers.

9. Defendants regularly collect or attempt to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

10. Defendants are in the business of collecting defaulted debts or alleged debts of natural persons.

11. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

12. Cavalry is a litigious debt-buyer who purchases defaulted consumer accounts for pennies on the dollar, who then seeks to recover the full value of those unpaid accounts.

13. In connection with Cavalry's efforts to collect consumer debts, Cavalry routinely hires attorneys, law firms and collection agencies to collect the consumer debts.

14. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation arising from an account originating from Capital One Bank (USA), N.A. ("Debt" or "Account").

15. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

16. Defendants contend that the Account was past-due and in default.

17. The Account was past-due and in default when it was purchased by Cavalry for pennies on the dollar.

18. After purchasing the past-due and defaulted Account for pennies on the dollar, Cavalry, either directly or through intermediate transactions, assigned, placed, or transferred the Account with C&B for collection.

19. The Account was assigned to C&B for the purpose of collecting the Debt.

20. The Account was past-due and in default when it was placed with or assigned to C&B for collection.

21. At all times relevant hereto, C&B acted on behalf of Cavalry in an attempt to collect the Debt.

22. At all times relevant hereto, the acts and omissions of C&B were incidental to or taken within the scope of the responsibilities given and authorized by Cavalry.

**B. Threatening Suit on a Time-Barred Debts**

23. Plaintiff made his last payment on the Account in or around February 2012.

24. Due to unforeseen financial circumstances, Plaintiff defaulted on the Account sometime in March 2012.

25. Cavalry contends that the Account became delinquent and in default in March 2012.

26. Upon default, a cause of action to enforce the Debt accrued.

27. Cavalry later allegedly purchased a pool of defaulted consumer accounts, including Plaintiff's Capital One Account, for pennies on the dollar.

28. In an attempt to collect the Debt, Defendants mailed a collection letter to Plaintiff on or about December 28, 2015 (the "Letter"). A true but redacted copy of the Letter is attached as **Exhibit A**.

29. Plaintiff received and reviewed the Letter.

30. The Plaintiff is informed and believes, and on that basis alleges, that the written terms governing the Account chooses the laws of the Commonwealth of Virginia as the applicable law applying to the Account.

31. Virginia law provides:

> . . . [A]ctions founded upon a contract . . . shall be brought within the following number of years next after the cause of action shall have accrued:
> . . . .
> 2. In actions on any contract which is not otherwise specified and which is in writing and signed by the party to be charged thereby, or by his agent, within five years whether such writing be under seal or not;
> . . . .
> 4. In actions upon any unwritten contract, express or implied, within three years.[1]

---

[1] Va. Code Ann. § 8.01-246; *see also Delrey v. Capital One Bank*, 2009 WL 5103229, *1 (Fla. Cir. Ct. July 7, 2009) (applying VA's 3 year statute of limitations); *Hall v. LVNV Funding, LLC*, 2013 WL 5550838, *1 (W.D. Ky. 2013) (applying VA's 3 year statute of limitations to a Capital One account); *Conway v Portfolio Recovery Associates, LLC*, (E.D. Ky. Mar. 31, 2014) (attached) (applying VA's 3 year statute of limitations to a Capital One account).

32. When Defendants sent the Letter, the statute of limitations had run on the Capital One Account.

33. The Letter states in bold, "**AFFORDABLE OPTIONS TO RESOLVE THIS ACCOUNT!**"

34. The Letter also states "your account will be considered 'Settled in Full' after we post your payment."

35. Defendants regularly send collection letters offering to settle debts on which the statute of limitations has expired.

36. The Federal Trade Commission has found that "[m]ost consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." The FTC entered into a consent decree with Asset Acceptance, LLC, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations.[2]

37. On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were

---

[2] Press Release, Federal Trade Commission, Under FTC Settlement, Debt Buyer Agrees to Pay $2.5 Million for Alleged Consumer Deception (Jan. 30, 2012), http://www.ftc.gov/news-events/press-releases/2012/01/under-ftc-settlement-debt-buyer-agrees-pay-25-million-alleged (For the Consent Decree wherein Asset Acceptance promises to stop filing time-barred suits, see http://www.ftc.gov/enforcement/cases-proceedings/052-3133/asset-acceptance-llc).

time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

38. The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that collection letters that fail to disclose material information may be misleading.

39. On January 30, 2013, the FTC issued its report, The Structure and Practices of the Debt Buying Industry, available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. The report reaffirms its position in the United States of America v. Asset Acceptance, LLC, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), American Express Centurion Bank (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), American Express Bank, FSB (2012-CFPB-0003) and American Express Travel Company, Inc. (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

40. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

41. "[A]n unsophisticated consumer could be misled by a dunning letter for a time-barred debt, especially a letter that uses the term 'settle' or 'settlement.'"[3]

---

[3] *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1022 (7th Cir. 2014); *see also Buchanan v.*

42. Nothing in Defendants' letters disclosed that the debts were barred by the statute of limitations.

43. Nothing in Defendants' letters disclosed the date of the transactions giving rise to the debts.

44. Nothing in Defendants' letters disclosed the date of default.

45. Nothing in Defendants' letters disclosed that the debt is legally unenforceable in a court of law.

46. Defendants' letters falsely imply that the accounts are legally enforceable.

47. The least sophisticated consumer would understand that Defendants would later sue to collection on the debts.

48. Nothing in Defendants' letters disclosed the legal consequences of a settlement or a payment.

49. Nothing in Defendants' letters disclosed that a settlement or a payment would restart the statute of limitations.

50. It is Defendants' policy and practice to send collection letters in an attempt to collect time-barred consumer debts that do not disclose that the debt was barred by the statute of limitations and that do not disclose the legal consequences of a payment or settlement.

---

*Northland Group*, 776 F.3d 393, 399 ("a 'settlement offer' with respect to a time-barred debt may falsely imply that payment could be compelled through litigation."); *Filgueiras v. Portfolio Recovery Assocs., LLC*, No. 15-8144 (JLL) (SCM), 2016 U.S. Dist. LEXIS 54672, at *23 (D.N.J. Apr. 25, 2016) ("When a debt collector offers to 'settle' a time-barred debt, it is plausible that the legal status of the debt has been misrepresented since it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable." (internal quotations marks and citations omitted)).

51. Such practice is a deceptive collection ploy used to entice a least sophisticated consumer with "savings offers" in order to have the least sophisticated consumer make payments on an otherwise unenforceable debt.

52. In fact, Defendants' representations of savings is false as the debts are unenforceable in a court of law. Such savings do not exist as Plaintiff would have a complete statute of limitations defense to the debts.

53. Such practice is a deceptive collection ploy used to entice a least sophisticated consumer with "savings offers" in order to have the least sophisticated consumer make a payment or enter into a new agreement that would restart the statute of limitations, when in fact such "savings" are nonexistent and false.

54. Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending letters which attempted to *settle* time-barred debts without disclosure of that fact, without disclosing the legal consequences thereof, and which falsely represents the benefits of the offers/options.

### V. CLASS ACTION ALLEGATIONS

55. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

56. Subject to discovery and further investigation which may cause Plaintiff to expand, restrict or modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class and a subclass initially defined as follows:

> **The Class**: All natural persons with an address within in the State of New Jersey to whom, from December 27, 2015 through the final resolution of this case, Defendants sent one or more letter(s) offering a settlement of a debt, which debt arose from a Capital One credit card account, on which the statute of limitations had expired prior to the date of the letter.

57. Plaintiff seeks to recover statutory damages, actual damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

58. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

59. There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals, including but not limited to:

    A. Whether Defendants are a debt collector under the FDCPA;

    B. Whether Defendants violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f;

    C. Whether Plaintiff, the class are entitled to statutory damages;

    D. Whether Plaintiff, the class are entitled to actual damages, including all amounts paid on time-barred debts.

60. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

61. Plaintiff's claims are typical of the claims of the members of the class.

62. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

63. Plaintiff does not have interests antagonistic to those of the class.

64. The class, of which Plaintiff is a member, are readily identifiable.

65. Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed

Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions and other complex litigation, and claims of the type asserted in this action.

66. The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class and subclass would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

67. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI.   FIRST COUNT: VIOLATIONS OF THE FDCPA

68. Plaintiff, on behalf of himself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

69. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

70. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

71. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

72. Defendants' letter, copy of which appear as Exhibit A, is a "communication" as defined by 15 U.S.C. § 1692a(2).

73. The letters, which references a "settlement," sent to numerous consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

74. By sending numerous collection letters on time-barred debts that referenced a "settlement" violated sections 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f of the FDCPA.

75. The violations of the FDCPA described herein constitute *per se* violations.

76. Based on any one or more of those violations, Defendants are liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Pedro Mendoza, on behalf of himself and others similarly situated, demands judgment against Defendants, Cawley & Bergmann, LLP and Cavalry SPV I, LLC as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                                                     KIM LAW FIRM LLC

                                                     *s/ Yongmoon Kim*
                                                     Yongmoon Kim
                                                     *Attorneys for Plaintiff on behalf of himself*
                                                     *and those similarly situated*

Dated: December 27, 2016